Totten, J.,
delivered the opinion of the court.
This bill was brought to recover a distributive share in the personal estate of Thompson Edwards, deceased.
Eial Edwards by his will, which was proved in 1819, gave to his wife, Lucinda, an estate for life in his land and negroes, and at her death, the same “to *586 be equally divided between my four children, namely, Thompson Edwards, «fee., and if either of the said children should die without heir, the property belonging to said deceased child shall be equally divided among the surviving ones.”
Thompson Edwards survived the testator and married the plaintiff Charlotte, by whom he had six children, the defendants ' to this suit, and died intestate in 1844. After that event, Lucinda, the tenant for life, died; and in 1849, the said Charlotte was married to Thomas Hays, the plaintiff.
The question is: What interest in the legacy did the children of Rial Edwards take under his will?
We are of opinion that it was a vested interest in remainder. It was the intention of the testator to vest a present right, to come into possession at the termination of the life estate.
The two estates, the one for life and the one in remainder, were created by the same limitation and vested at the same time. And although, in the present case, the remainderman died before the tenant for life, yet as the legacy was vested, it will go to those entitled by succession to his personal estate. 1 Roper on Leg., 394.
It is objected, that the interest in the legacy was contingent, the limitation over to the survivor in case of the death of any of the children “without heir” being valid as an executory devise.
If it be conceded, that a valid executory devise was created, yet the previous estate, though contingent, was nevertheless vested.
“A devise over upon a contingency has not the effect of preventing the shares of legatees from vesting in *587 the mean time, provided the words of bequest be, in other respects, sufficient to pass a present interest. 1 Roper on Leg. 403. 3 Meriv., 340. Ambler, 448. 1 Mad., 467,- 472. 4 Kent, § 58 and § 59.
The estate in remainder being vested, it was an absolute estate, unless the contingency happened on which the executory limitation over, depended. .That is, the estate of the children was absolute, unless any of them should die without heir. That' event was to have the effect to divest his estate, and vest it in the survivors. But the contingent event which might terminate the estate of Thompson Edwards . did not happen, as he left several children at his death. His estate therefore, was not divested, and the limitation over by way of execu-tory devise, did not take effect. In this view it is not material to enquire, whether in other respects, the exe-cutory limitation be valid or not: as the contingency on which it rests did not occur.
At the death of Thompson Edwards, leaving children, the legacy which was vested in him was no longer contingent, but certain and absolute.
It was, therefore, subject to distribution among those entitled by succession, to his personal estate; that is, his widow and children.
It is insisted, however, that the children are entitled by implication to the exclusion of their mother. A gift not expressed, but implied, can only be, where a necessary and unavoidable implication arises on the face of the will, that the testator so intended, but which is imperfectly expressed. In such case, the- defect will be aided by construction. 2 Roper on Leg., 309.
But here, the gift is plain and explicit of the entire *588 interest in the legacy to Thompson Edwards, subject to be divested on the happening of a stated contingency. In no event is there any gift to his children; they take only as distributees. • •
The administrator of Thompson Edwards, is not a party to this suit. The persons entitled in succession, can only recover their rights through him.
The decree of the chancellor as to the question of right is reversed; and the case is remanded with leave to make the administrator a party.
Decree reversed.